IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-542-BO-KS

| | | |
|---|---|---|
| ABDUL KAREEM HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF RALEIGH, OFFICER RISHAR P. MONROE, OFFICER DAVID V. MEAD, OFFICER LINDSAY FAUST, OFFICER THOMAS WEBB, in their individual capacities, and LLOYD'S, LONDON, as the City of Raleigh's Insurance Provider, | ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This cause comes before the court on the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank. [DE 17]. Plaintiff has responded to the memorandum and recommendation (M&R) and moved to stay his claims against the individual defendants. [DE 19]. No other party has filed an objection to the M&R. In this posture, the matter is ripe for disposition.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation,

district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Magistrate Judge Swank has recommended that defendant Lloyd's, London's motion to dismiss [DE 8] be granted and that the action against City of Raleigh and its motion to dismiss [DE 12] be stayed pending the outcome of the state prosecution. Magistrate Judge Swank also recommended that plaintiff's claims against the individual officers be dismissed unless plaintiff files proof that service was made within the time provided by Fed. R. Civ. P. 4(m) or demonstrates good cause excusing his failure. In his response to the M&R, plaintiff raises no objections to the M&R. Rather, he asserts that he has good cause for failure to effect service on the individual defendants and requests that the proceedings against them be stayed. [DE 19]. Plaintiff has since been granted leave to proceed in forma pauperis [DE 24], and this Court finds good cause to extend the time for service. In the absence of any objections, the Court has reviewed the M&R for clear error and finds none. Accordingly, the Court adopts the M&R in full.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Swank's memorandum and recommendation [DE 17] is ADOPTED IN FULL as modified herein. Accordingly, defendant Lloyd's, London's motion to dismiss [DE 8] is GRANTED and Lloyd's London is DISMISSED. The action against defendant City of Raleigh is STAYED pending completion of the state prosecutions. In light of the stay, the City of Raleigh's motion to dismiss [DE 12] is DENIED WITHOUT PREJUDICE to

refiling once the stay has been lifted. The City of Raleigh is DIRECTED to notify the Court of the completion of the state proceedings, and to otherwise file a status report within sixty (60) days of the date of entry of this order.

Plaintiff has been granted in forma pauperis status [DE 24], and the Court finds good cause for extending the time for service on the individual defendants. *See* Fed. R. Civ. P. 4(m). Therefore, plaintiff is DIRECTED to return proposed summonses for issuance by the Clerk not later than October 13, 2025. The failure of plaintiff to comply with this order may result in dismissal of his claims against the individual defendants. The Court allows an extension of time to effect service under Rule 4(m) and will defer its consideration of whether a stay of plaintiff's claims against the individual defendants is appropriate until proper service has been effected. Plaintiff's motion at [DE 19] is therefore GRANTED IN PART and DENIED without prejudice IN PART.

SO ORDERED, this 30 day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE