IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-542-BO-KS

ABDUL KAREEM HERNANDEZ, )
)
Plaintiff, )
)
v. )
)
CITY OF RALEIGH, OFFICER RISHAR P. ) ORDER
MONROE, OFFICER DAVID V. MEAD, )
OFFICER LINDSAY FAUST, OFFICER )
THOMAS WEBB, in their individual )
capacities, and LLOYD'S, LONDON, as )
the City of Raleigh's Insurance Provider, )
)
Defendants. )

This cause comes before the Court on plaintiff's motion seeking a preliminary injunction pursuant to Fed. R. Civ. P. 65, plaintiff's motion to preserve and accept digital evidence, plaintiff's motion for leave to file supplemental exhibits, and plaintiff's motion for leave to file a second amended complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for ruling.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual background and procedural history of this action as recited in the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank. [DE 17]. In summary, plaintiff, who proceeds *pro se*, instituted this action in Wake County Superior Court alleging constitutional violations arising from the search of his home. After the City of Raleigh removed the action to this Court, defendant filed a motion seeking a temporary restraining order and preliminary injunction in which he asks

this Court to immediately halt his ongoing Wake County prosecution and to suppress all evidence obtained in violation of the Fourth and Fourteenth Amendments. [DE 28]; [DE 29]. Plaintiff's request for a temporary restraining order was denied. [DE 32].[1]

On September 30, 2025, this Court adopted the memorandum and recommendation of Magistrate Judge Swank, granted a motion to dismiss filed by defendant Lloyd's London, and stayed this action pending the completion of the state prosecutions. [DE 39]. On November 6, 2025, the Court lifted the stay on the City of Raleigh's filing of a notice indicating that the state prosecutions had been dismissed. [DE 47]; [DE 48]. Thereafter, plaintiff sought leave to file a second amended complaint. No party has responded to plaintiff's motion seeking leave to amend his complaint.

## DISCUSSION

At the outset, the Court's denies plaintiff's motion seeking a preliminary injunction without prejudice as moot. As noted above, plaintiff seeks an injunction halting his prosecution in state court. The prosecutions of defendant have been dismissed, and thus plaintiff's motion seeking a preliminary injunction [DE 28] is moot. In his motion to preserve and accept digital evidence, plaintiff asks the Court to enter an order directing defendants to preserve all digital records in their possession, accept plaintiff's digital evidence, and prohibit alteration, deletion, or spoliation of digital evidence related to this matter. Plaintiff identifies evidence he has in his own possession and otherwise identifies no specific evidence in defendants' control which he seeks to preserve. As to whether the Court should accept plaintiff's digital evidence at this time, the Court finds this request premature. This motion [DE 31] is therefore denied without prejudice. Plaintiff's motion

---

[1] This action was assigned to Chief United States District Judge Richard E. Myers II prior to its reassignment to the undersigned. [DE 34].

seeking leave to file exhibits in support of his reply to his motions for temporary restraining order and for preservation of evidence [DE 38] is allowed.

Plaintiff's motion for leave to file a second amended complaint [DE 52] is granted. Leave to amend a complaint under Fed. R. Civ. P. 15(a) should be freely given when justice so requires. *See Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Here, no party opposes plaintiff's motion for leave to amend, and the Court discerns no bad faith on the part of plaintiff and no prejudice to defendants in light of the early stage of this proceeding. Accordingly, the Court will permit plaintiff to file a second amended complaint. [DE 52-1].

However, plaintiff must include an original signature on his second amended complaint, and indeed on all of his filings. *See* Section IV(D)(3) of the Policy Manual. Accordingly, he must file his second amended complaint using an original signature not later than February 6, 2026.

## CONCLUSION

In summary, and for the foregoing reasons, plaintiff's motion for preliminary injunction [DE 28] is DENIED without prejudice AS MOOT and his motion to preserve and accept digital evidence [DE 31] is DENIED without prejudice. Plaintiff's motion for leave to file supplemental exhibits [DE 38] is GRANTED and his motion for leave to file a second amended complaint [DE 52] is GRANTED. Plaintiff must file his second amended complaint using an original signature not later than February 6, 2026. Failure to comply with this deadline may result in dismissal of this action.

SO ORDERED, this 27 day of January 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE