IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-542-BO-KS

ABDUL KAREEM HERNANDEZ, )
)
Plaintiff, )
)
v. )
)
THE CITY OF RALEIGH, a North Carolina municipal corporation in its official capacity; RICO BOYCE, in his individual and official capacity as Chief of Police; DA LORRIN FREEMAN, in her individual and official capacity; ADA GUADALUPE HOWELL, in her individual capacity; CITY ATTORNEY ANNA DAVIS, in her individual capacity; OFFICER DAVID GARNER, in his individual capacity; SERGEANT DAVID MCDONALD, in his individual capacity; LIEUTENANT MATTHEW VANANTWERP, in his individual capacity; OFFICER RISHAR PIERRE MONROE, in his individual capacity; OFFICER LINDSAY FAUST, in her individual capacity; OFFICER DAVID V. MEAD, in his individual capacity; OFFICER THOMAS WEBB, in his individual capacity; SERGEANT KELLY A. KINNEY, in her individual capacity; and JOHN/JANE DOES 1-10, in their individual capacities, )
)
Defendants. )

**ORDER**

This cause comes before the Court on multiple motions to dismiss filed by defendants and plaintiff's motion for a temporary restraining order and preliminary injunction. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are each ripe for disposition.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual background and procedural history of this action as recited in the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank. [DE 17]. In summary, plaintiff, who proceeds *pro se*, instituted this action in Wake County Superior Court alleging constitutional violations arising from the search of his home and his subsequent criminal prosecution. After the City of Raleigh removed the action to this Court, plaintiff filed a motion seeking a temporary restraining order and preliminary injunction in which he asked this Court to immediately halt his ongoing Wake County prosecution and suppress all evidence obtained in violation of the Fourth and Fourteenth Amendments. [DE 28]; [DE 29]. Plaintiff's request for a temporary restraining order was denied. [DE 32].

On September 30, 2025, this Court adopted the memorandum and recommendation of Magistrate Judge Swank, granted a motion to dismiss filed by defendant Lloyd's London, and stayed this action pending the completion of the state prosecutions. [DE 39]. On November 6, 2025, the Court lifted the stay on the City of Raleigh's filing of a notice indicating that the state prosecutions had been dismissed. [DE 47]; [DE 48]. On January 23, 2026, plaintiff was permitted leave to file a second amended complaint. [DE 57]. Plaintiff then filed a second motion seeking a temporary restraining order and preliminary injunction and the instant motions to dismiss followed.

In his second amended complaint, plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for violation of his First, Fourth, Sixth, and Fourteenth Amendment rights against the City of Raleigh, members of the Raleigh Police Department, prosecutors with the Wake County District Attorney's

Office, and municipal officials. Plaintiff's claims again arise from the execution of a search warrant at his home on April 8, 2022, and his ensuing arrest and prosecution.

Plaintiff alleges that members of the Raleigh Police Department obtained a search warrant for his home based upon an unreliable informant who alleged that plaintiff was engaged acts consistent with human trafficking and promoting prostitution. Plaintiff further alleges that the affidavit filed in support of the warrant application contained fabricated evidence. Officers executed the search warrant at approximately 7:00 a.m. on April 8, 2022, with members of the Selective Enforcement Unit (SEU). Members of the SEU knocked on plaintiff's door and shouted "Police, Search Warrant!" three times. [DE 58] ¶ 57. Within about 2.5 seconds of announcing their presence, the SEU breached the door with a battering ram. The SEU entered plaintiff's home with weapons drawn and conducted a sweep; plaintiff and another individual were home, disrobed, and compliant with the officers. Plaintiff informed the officers that his two children were asleep upstairs. *Id.* ¶¶ 27-61. Plaintiff was arrested and charged with multiple felony drug offenses after the officers found 256 grams of marijuana and drug paraphernalia. *Id.* ¶¶ 64; 90.

Plaintiff alleges that officers authored a Forced Entry Report which justified their rapid entry based on their falsified claim that evidence could have been quickly destroyed. Plaintiff alleges that supervisors with the police department reviewed the Forced Entry Report and affirmed that rapid entry had been appropriate and complied with police department policy, *Id.* ¶¶ 62-79; 124. Plaintiff alleges that there were chain of custody irregularities with the search warrant, that the Forced Entry Report was withheld from discovery in the criminal action until March 4, 2025, following an in-camera judicial review, and that the Chief of Police later approved the delay in disclosing the Forced entry report. *Id.* ¶¶ 78-89; 104; 111-112.

Plaintiff alleges that the prosecutors on his case made misrepresentations, withheld discovery, and refused to communicate with plaintiff despite his proceeding *pro se*. Plaintiff further alleges that the district attorney had actual notice of repeated *Brady* and *Giglio* violations based on his correspondence to her and that she failed to investigate, correct, or discipline the assistant district attorneys prosecuting his case *Id.* ¶¶ 90-98; 107-108. Plaintiff further alleges that a city attorney advised the police department and the district attorney's office to resist discovery in plaintiff's criminal and civil cases. *Id.* ¶¶ 109-110.

A. *City of Raleigh* [DE 65]

The City of Raleigh (the City) has moved to dismiss plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where, as here, the complaint is filed *pro se*, courts construe the complaint liberally and must hold the filing "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). "But 'liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure.'" *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020)).

Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690–94 (1978), a municipality or unit of local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. Liability is limited, however, and is not available against a municipality merely for employing a tortfeasor. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Liability under *Monell* results only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . .." *Monell*, 436 U.S. at 694.

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is 'so persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotations omitted).

Plaintiff has failed to allege the existence of an express policy or that a final policymaker made an unconstitutional decision. Although plaintiff appears to contend that now-Chief Rico Boyce is a final policymaker, it is Raleigh's city manager, not its chief of police, who acts as the final policymaker under *Monell*. *See Campbell v. Greiner*, No. 5:23-CV-201-FL, 2024 U.S. Dist. LEXIS 45468, at *8 (E.D.N.C. Mar. 14, 2024). Plaintiff has alleged no action on the part of the city manager in his second amended complaint.

Nor has plaintiff plausibly alleged any omission which resulted in the deliberate indifference to the rights of the City's citizens or any widespread pattern or practice sufficient to constitute the force of law. "If the City's failure to train reflects such a deliberate or consciously indifferent 'policy,' then its failure can fairly be said to be the 'moving force behind the constitutional violation.'" *Est. of Jones by Jones v. City of Martinsburg, W. Virginia*, 961 F.3d 661, 671–72 (4th Cir. 2020) (citation omitted). But plaintiff's allegations of a failure to train by the City are boilerplate and conclusory. *See, e.g.* [DE 58] ¶¶ 107-114. Absent allegations which would plausibly support that the City, through its policymakers, were "aware of, and acquiesced in, a pattern of constitutional violations[,]" *Moody v. City of Newport News, Va.*, 93 F. Supp. 3d 516, 538 (E.D. Va. 2015) (citations omitted), plaintiff's claim against the City under a failure to train theory must be dismissed.

"[A] 'custom or usage' can support *Monell* liability 'only if its continued existence can be laid to the fault of municipal policy-makers, and a sufficient causal connection between the 'municipal custom and usage' and the specific violation can then be established." *Howard v. City of Durham*, 68 F.4th 934, 952–53 (4th Cir. 2023) (quoting *Randall v. Prince George's County*, 302 F.3d 188, 210 (4th Cir. 2002)). The municipality must both have actual or constructive knowledge of the pattern or practice and have failed, either intentionally or with deliberate indifference, to correct or end the practice. *Id.* (citing *Spell v. McDaniel*, 824 F. 2d 1380, 1390-91 (4th Cir. 1987)).

Plaintiff's allegations are similarly boilerplate and conclusory regarding any liability under a custom or practice theory of liability. *See I.P. by Newsome v. Pierce*, No. 5:19-CV-228-M, 2020 WL 1231809, at *6 (E.D.N.C. Mar. 9, 2020) (allegations insufficient where they lack '"details about the policies and practices and how they are inadequate, inaccurate, or ineffective' . . .").

Moreover, it is rare that a single incident can support the imposition of liability under *Monell*. *See Est. of Jones*, 961 F.3d at 672.

In opposition to the motion to dismiss, plaintiff argues that he has plausibly alleged *Monell* liability based upon a "custom by condonation" theory, which provides that "a city violates § 1983 if municipal policymakers fail 'to put a stop to or correct a widespread pattern of unconstitutional conduct.'" *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (citation omitted). But plaintiff has failed to allege instances other than his own which would show that Raleigh police officers were engaged in unconstitutional conduct, or that other persons have successfully challenged similar conduct by Raleigh police officers. *See id.* at 403.

In sum, plaintiff has failed to plausibly allege a claim under *Monell* against the City. The City's motion to dismiss is therefore granted.

B. *Faust, Mead, Monroe, Webb* [DE 68] and *Garner, Kinney, McDonald* [DE 100]

Defendants Faust, Mead, Monroe, Webb, Garner, Kinney, and McDonald, all police officers with the City, have moved to dismiss plaintiff's complaint for failure to effect proper service[1] and to dismiss the Fourth Amendment claims as barred by qualified immunity.[2] Plaintiff alleges claims against the police officers for unlawful search and seizure in violation of the Fourth Amendment, excessive force in violation of the Fourth Amendment, and fabrication and suppression of evidence in violation of the Fourteenth Amendment (against Monroe), as well as a claim for civil conspiracy in violation of § 1983 against defendants Faust, Monroe, Webb, and McDonald. Plaintiff fails to name defendant Mead in any of his claims, but argues in opposition

[1]Because the Court concludes that plaintiff has failed to state a claim, it does not reach the improper service of process arguments raised by any of the individual defendants.

[2] Plaintiff has also alleged a claim for fabrication and suppression of evidence under the Fourteenth Amendment against defendants Monroe and McDonald. This claim against Monroe and McDonald is appropriately dismissed for the same reasons that they are entitled to qualified immunity on the Fourth Amendment claims against them.

to the motion to dismiss that he has fairly notified Mead that of his alleged involvement in the execution of the search warrant and the events which immediately came before entry into plaintiff's home.

Qualified immunity shields government officials from liability for statutory or constitutional violations so long as they can reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court employs a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). When a court's decision at one step is dispositive, it need not reach the other. *See Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015).

The moving defendants argue that they are entitled to qualified immunity because plaintiff has failed to plausibly allege a violation of his Fourth Amendment rights based on the denial of plaintiff's suppression motion in state court. Specifically, the moving defendants contend that the state court denied the same arguments plaintiff makes in support of his Fourth Amendment claims here as he made in his motion to suppress, finding that probable cause existed for issuance of the search warrant. This finding of probable cause, defendants contend, establishes that no constitutional violation occurred.

Plaintiff filed a motion to suppress the evidence against him in his state prosecution. *See* [DE 69-3]. In that motion, plaintiff argued that the search of his home and his arrest were executed without probable cause due to an unreliable informant, that there was an insufficient nexus between the place to be searched and the evidence sought, that Monroe knowingly omitted material facts and included false statements in the affidavit in support of the warrant application, that Monroe, in bad faith, staged evidence, and that such conduct was part of a wider pattern of misconduct by the Raleigh Police Department. *Id.* at 3-8. The state superior court denied plaintiff's motion to suppress, finding that probable cause existed for the issuance of a search warrant and that there were no violations of plaintiff's rights with respect to the warrant. [DE 69-9] at 6.

"The standard for probable cause . . . is more stringent than is the requirement for qualified immunity." *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991). Accordingly, a state judge's probable cause determination supports that a reasonable officer would have believed that there was probable cause to search a residence or arrest a person. *Id.* at 261-262; *Sowers v. City of Charlotte*, 659 F. App'x 738, 741 (4th Cir. 2016). Here, plaintiff's allegations do not plausibly support that "the warrant application [was] so lacking in indicia of probable cause as to render official belief in its existence unreasonable[.]" *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986). The moving defendants are entitled to qualified immunity on plaintiff's claims against them arising from the search warrant.

Plaintiff further alleges a claim for excessive force during the execution of the search warrant.[3] Plaintiff made arguments regarding the officers' use of force in his motion to suppress, *see* [DE 69-4], and the state judge held that plaintiff's motion to suppress was denied "in every

[3] Although the moving defendants do not directly address this claim, the Court may nonetheless consider whether plaintiff's allegations are plausible as he proceeds *in forma pauperis*. 28 U.S.C. § 1915(e).

respect." [DE 69-9] at 6. Additionally, excessive force claims are also examined under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff alleges that defendants Monroe and McDonald breached plaintiff's door approximately 2.5 seconds after knocking and that the officers enter his home with rifles drawn at unarmed residents and minor children.

"The general touchstone of reasonableness which governs Fourth Amendment analysis . . .governs the method of execution of the warrant." *United States v. Ramirez*, 523 U.S. 65, 71 (1998) (internal citation omitted). Additionally, "[t]he reasonableness inquiry under the Fourth Amendment includes the common law principle that law enforcement officers should knock and announce their presence and then wait a reasonable period of time before entering a residence." *Johnson v. City of Aiken*, 217 F.3d 839 (4th Cir. 2000). According to the Forced Entry Report, which plaintiff has filed on the docket and expressly relied upon in his complaint,[4] officers knocked and announced themselves in a loud, clear manner, waited for a brief period, and after no answer engaged in rapid entry of the residence. *See* [DE 29-13]. Officers justified the quick entry by relying on plaintiff's criminal history of drug sales and the presence of unknown occupants who could quickly destroy evidence. *Id.* Plaintiff has failed to plausibly allege a violation of his Fourth Amendment rights based upon the entry to his home.

Plaintiff further alleges that officers entered his home with weapons drawn, and that this was excessive. "As a species of excessive force claims, excessive-use-of-weapons allegations are properly analyzed under the Fourth Amendment's objective reasonableness standard." *Bellotte v. Edwards*, 629 F.3d 415, 424 (4th Cir. 2011) (cleaned up, citation omitted). But drawing weapons is, generally, "well within the range of permissible police conduct." *United States v. Taylor*, 857

[4] *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

F.2d 210, 213 (4th Cir. 1988). And though plaintiff appears to allege in this claim that his children were present when the officers entered the residence, plaintiff alleges in his factual recitation that his children were sleeping upstairs when officers searched his home. [DE 58] ¶ 61. Again, plaintiff has failed to plausibly allege a violation of his Fourth Amendment rights or that the officers acted unreasonably when executing the search warrant. This claim is therefore properly dismissed.

Plaintiff has further failed to state a claim for civil conspiracy. Plaintiff generally alleges that defendants acted individually and jointly to deprive him of his constitutional rights. A plaintiff bears a "weighty burden" to establish a conspiracy under § 1983. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff must ultimately show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right . . .." *Id.* A "plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.'" *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) (citations omitted). The allegations must "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421.

Plaintiff's second amended complaint makes bare allegations of a conspiracy based upon, at best, parallel conduct between certain defendants. Plaintiff has failed to plausibly allege a claim for § 1983 conspiracy and this claim is therefore properly dismissed.

C. *Boyce, Vanantwerp* [DE 97]

Plaintiff has alleged the following claims against defendants Boyce and Vanantwerp: unlawful search and seizure in violation of the Fourth Amendment, excessive force and destruction

of property in violation of the Fourth Amendment, fabrication and suppression of evidence in violation of the Fourteenth Amendment, supervisory and policy liability, and civil conspiracy under § 1983. Boyce and Vanantwerp have moved to dismiss plaintiff's claims against them for insufficient service of process and lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. Boyce and Vanantwerp have also raised the defense of qualified immunity.

Several of plaintiff's claims against these defendants are based upon their alleged approval of the Forced Entry Report and the moving defendants have argued that plaintiff does not have a constitutional right to an accurate police report. Plaintiff appears to concede as much in his opposition to the motion to dismiss, focusing his arguments on supervisory liability. A plaintiff must establish three elements to ultimately succeed on a claim for supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). To establish the second element, "the plaintiff typically must show a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 258 (4th Cir. 2022) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

Plaintiff's second amended complaint fails to plausibly allege any of the foregoing elements, and in particular that which would be required to show deliberate indifference or tacit authorization by Boyce or Vanantwerp. Plaintiff's allegations as to any conduct by Boyce and Vanantwerp are further conclusory and speculative. And finally, as discussed above, plaintiff's

allegations in support of his civil conspiracy claim, at best, amount to allegations of parallel conduct.

And, as plaintiff has failed to plausibly allege a constitutional violation, Boyce and Vanantwerp are entitled to qualified immunity. Plaintiff's claims against Boyce and Vanantwerp are properly dismissed.

D. *Davis* [DE 99]

Plaintiff has alleged claims against Anna Davis for violation of his Sixth and Fourteenth Amendment rights for denial of access to courts and a fair trial and for civil conspiracy under § 1983. Defendant Davis is an attorney with the City of Raleigh who plaintiff alleges produced the Forced Entry Report and advised the Raleigh Police Department and the Wake County District Attorney's Office to resist discovery. Davis has raised the defense of qualified immunity.

First, plaintiff alleges that Davis participated in the suppression or withholding of evidence in plaintiff's state criminal prosecution. Such a claim requires him to plausibly allege "that (1) the evidence at issue was favorable to him; (2) the Officers suppressed the evidence in bad faith; and (3) prejudice ensued. Prejudice ensues if 'there is a reasonable probability' that the jury would have reached a different result had the evidence been properly disclosed." *Owens*, 767 F.3d at 396–97 (internal citation omitted). Here, at minimum, plaintiff cannot plausibly allege that prejudice ensued because the charges against him were dismissed. Plaintiff has failed to plausibly allege a constitutional violation based on Davis' alleged withholding of the Forced Entry Report.

Second, plaintiff has failed to plausibly allege that Davis denied his access to courts. In his opposition to the motion to dismiss, plaintiff relies on *Christopher v. Harbury*, which held that a plaintiff bringing a backward-looking access to courts claim "must identify a nonfrivolous, arguable underlying claim" which he lost the opportunity to bring, the "official acts" which

prevented him from bringing the claim, and that he seeks relief which is "unobtainable in other suits." *Id.*, 536 U.S. 403, 415-16 (2002) (internal quotations and citation omitted); *see also Murdock v. Thompson*, No. 20-6278, 2022 WL 17352171, at *4 (4th Cir. Dec. 1, 2022).

Plaintiff has failed to plausibly allege the existence of a nonfrivolous underlying claim. To the extent he contends that the Forced Entry Report was somehow exculpatory, plaintiff alleges that the Forced Entry Report was disclosed to him prior to trial, and indeed that the charges against him were dismissed prior to trial. *See* [DE 58] ¶¶ 104; [DE 47]. The Court discerns no plausible access to courts claim.

In sum, plaintiff has failed to plausibly allege a constitutional violation and Davis is entitled to qualified immunity.

E. *Crosby, Freeman, Howell* [DE 103]

Finally, the Court considers the motion to dismiss brought by District Attorney Lorrin Freeman, Assistant District Attorney Thomas Crosby, and former Assistant District Attorney Guadalupe Howell brought pursuant to Rules 12(b)(1) and 12(b)(6).

First, the Court agrees that the official capacity claims filed against defendant Freeman must be dismissed for lack of subject matter jurisdiction as they are barred by the Eleventh Amendment. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft*, 556 U.S. at 671 (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

State officials sued in their official capacity for damages are protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Claims against North Carolina district attorneys in their official capacities are plainly claims against state officials and are barred by the Eleventh Amendment. *See Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006). Accordingly, plaintiff's claims against defendant Freeman in her official capacity are dismissed.

The moving defendants next argue that they are entitled to absolute prosecutorial immunity for the claims asserted against them in their individual capacities. Again, the Court agrees. Absolute prosecutorial immunity protects district attorney defendants from liability for those activities which are traditionally associated with prosecution of a case. *Id.* at 251. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff's allegations fall squarely within the confines of actions for which prosecutors and their supervisors are entitled to absolute immunity. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *Annappareddy v. Pascale*, 996 F.3d 120, 141 (4th Cir. 2021); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Plaintiff's claims against the moving defendants are therefore dismissed.

F. *Plaintiff's motion for temporary restraining order and preliminary injunction* [DE 59]

Because the Court has determined that plaintiff's claims are subject to dismissal, plaintiff has failed to show that he is entitled to the drastic remedy of a temporary restraining order or preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). His motion is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the pending motions to dismiss [DE 65], [DE 68], [DE 97], [DE 99], [DE 100], [DE 103] are GRANTED. Plaintiff's claims against ADA Freeman in her official capacity are DISMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff's remaining claims are DISMISSED with prejudice for failure to state a claim. The clerk is DIRECTED to enter judgment in favor of defendants and against plaintiff and to close this case. Plaintiff's motion for temporary restraining order and preliminary injunction [DE 59] is DENIED.

SO ORDERED, this 27 day of August 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE